that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47367.**—Protest 10267–K of M. A. Hoenecke (Minneapolis).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protest sustained to this extent.

**No. 47368.**—Protests 13432–K, etc., of Border Brokerage Co. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47369.**—Protests 14147–K, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47370.**—Protests 17331–K, etc., of F. W. Myers & Co., Inc. (Ogdensburg).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47371.**—Protests 37697–K, etc., of Border Brokerage Co., Inc. (Seattle).